# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 21-cv-00305-RM-NRN

DAVID WOODS,

    Plaintiff,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

## ORDER:
## (1) GRANTING MOTION FOR LEAVE TO AMEND; AND
## (2) REMANDING THIS ACTION TO STATE COURT

---

Plaintiff, a Colorado citizen, was involved in a motor vehicle accident in Denver, Colorado with an alleged uninsured tortfeasor. Plaintiff's lawsuit in Denver District Court seeking uninsured motorist coverage from Defendant, his alleged insurer, followed. Defendant removed this action to this Court based on diversity jurisdiction. Thereafter, Defendant answered raising a number of defenses or affirmative defenses, including that Plaintiff failed to fully perform all obligations under the policy of insurance at issue and is, therefore, barred from recovery under the policy. (Answer, Defenses ¶ 10 (ECF No. 12, p. 14).)

Plaintiff sought to determine the basis for this defense. Plaintiff learned, through conferral with Defendant, that Defendant contends Plaintiff is barred from recovery because he did not sue the alleged uninsured tortfeasor. Unsurprisingly, Plaintiff now seeks leave to amend his complaint to add the alleged tortfeasor and his employer (collectively, the "tortfeasors") as

additional defendants. Defendant takes no position on the proposed amendment.

The Court's review of the record shows good cause exists for granting Plaintiff leave to amend. The amendment of the complaint to add these two additional defendants, however, would destroy complete diversity and, therefore, diversity jurisdiction.[1] Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Court's review here shows that, under any scenario, it should allow the amendment and remand this action.

Specifically, the tortfeasors appear to be indispensable parties under Fed. R. Civ. P. 19; therefore, the Court must either join them as parties and then remand, or deny joinder and dismiss the action.[2] *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Even if the tortfeasors are not indispensable, the Court may still join them as parties under Rule 20(a). And, after considering all the relevant factors, the Court finds that, even if the tortfeasors are not indispensable, they should be joined because the amendment will not result in undue prejudice to Defendant and the request to amend is timely and made in good faith. *See id.* at 952.

Accordingly, it is **ORDERED**

(1) That the Motion for Leave to Amend Complaint (ECF No. 23) is GRANTED;

(2) That, pursuant to 28 U.S.C. § 1447(e), because complete diversity has been destroyed by the amendment, this action is REMANDED to the District Court, City and County

---

[1] The proposed defendants are an individual and an LLC. The citizenship of the LLC is not known based on the allegations in the proposed amendment. The citizenship of the individual defendant, however, has been plausibly shown to be Colorado.

[2] In this case, in light of Defendant's position concerning the tortfeasors, and considering the factors under Rule 19(b), the Court finds that going forward without the tortfeasors is not warranted.

of Denver, State of Colorado, where it was originally filed as Case No. 2020CV034347; and

(3) That the Clerk shall close this case.

DATED this 17th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge